UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00154-MOC

| | |
|---|---|
| **JAMAR SERON RANDALL,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | MEMORANDUM OF DECISION |
| ) | and ORDER |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence (#1). Upon receipt of the petition, the court conducted an Initial Screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C. §2255, and found that petitioner had asserted the following claims

(I) Petitioner's Sixth Amendment Right to Counsel was Denied due to Ineffective Assistance of Trial Counsel, based on the following subcontentions:

(a) ineffective assistance of trial counsel in advising defendant as to the government's first plea offer;

(b) ineffective assistance of trial counsel in advising defendant as to the government's second plea offer; and/or

(c) ineffective assistance of trial counsel, amounting to abandonment, in pursuing the Motion to Suppress and by failing to appear at the hearing on the Motion to Suppress.

After conducting the initial screening, the United States was directed to file an Answer or

1

other responsive pleading. On June 18, 2013, the government filed its Motion to Dismiss (#9) and Response in Opposition (#8). The court then entered a Roseboro and Rule 5(D) Order (#10), advising petitioner of his opportunity to file a reply and explaining how such a reply and any supporting materials should be filed. Petitioner filed his Reply (#11) on July 10, 2013, which the court has deemed timely submitted.

**FINDINGS and CONCLUSIONS**

**I.     Background**

 **A.     Indictment and Waiver of the Petite Policy**

On August 17, 2010, a federal grand jury sitting in the Western District of North Carolina charged petitioner with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Indictment (United States v. Randall, 3:10cr174 (#1) (hereinafter "Randall")). After the federal indictment issued, petitioner pled guilty in state court to the state offense of possession of a firearm by a convicted felon, for which he received a suspended sentence and probation. When respondent learned of such state conviction, it obtained a waiver of the Department of Justice's *Petite Policy,*[1] which internally allowed the respondent to proceed with the federal prosecution.

 **B.     Pretrial Motions and Plea**

In December 2010, petitioner through retained counsel filed a Motion to Suppress, contending that the officer who discovered the firearm lacked probable cause to search petitioner's vehicle. Randall, Motion to Suppress (#9). A hearing on that motion was calendared for January 3, 2011, but was later cancelled after petitioner filed a written plea

---

1 Petite v. United States, 361 U.S. 529 (1960); USAM 9-2.031.

2

agreement. Id. Plea Agreement (#15). In that agreement, petitioner acknowledged that the offense carried with it a maximum possible penalty of 10 years. Id. at ¶ 3. Petitioner also acknowledged the court "has not yet determined the sentence and any estimate of the likely sentence is a prediction rather than a promise," and that the court "has final discretion to impose any sentence up to the statutory maximum for each count." Id. at ¶ 5.

At a Rule 11 hearing, the magistrate judge, after conducting a particularized inquiry, accepted petitioner's plea. Id. Rule 11 Transcript (#30). Petitioner affirmed that he had discussed with his attorney the Sentencing Guidelines and how they might apply, and he acknowledged that he understood that there may be instances when he may receive a sentence that was higher or lower than those called for by the Sentencing Guidelines. Id. at 6-7. Petitioner also affirmed that he understood that if the sentence was more severe than he expected that he would still be bound by his plea and would have no right to withdraw it. Id. at 7. When initially asked whether he was satisfied with the services of counsel, petitioner answered "no" and that his attorney "told me 41 months." Id. at 19-20. The proceeding was then recessed, and when it resumed later that same day, petitioner was again asked whether he was satisfied with the services of counsel, and he answered "Yes, sir" and further added "he did a good job." Id. at 27. Counsel for petitioner explained to the magistrate judge the deliberative process of petitioner. The magistrate judge accepted the plea, and petitioner signed an "Entry and Acceptance of Guilty Plea." Id. Entry and Acceptance of Guilty Plea (#16).

C. **Post-Plea Filings by Petitioner**

A number of weeks after the plea was accepted, petitioner filed a series of motion

seeking to terminate counsel and withdraw the plea. The magistrate judge granted the petitioner's motion to terminate his retained counsel and appointed petitioner substitute counsel. Appointed counsel then filed a counseled Motion to Withdraw Plea, id. Motion to Withdraw Plea (#24), relying in part on petitioner's earlier filings. The magistrate judge entered an Order, id. (#31), denying the relief sought, to which petitioner filed timely Objections. Id. Objections (#36).

At the first sentencing hearing, petitioner asserted that the answers and he had given to the magistrate judge were not true and correct and that he had been told that government had agreed with his former counsel that he would receive a 41-month sentence. Rather than go forward with the sentencing hearing, this court scheduled an evidentiary hearing on petitioner's Motion to Withdraw Guilty Plea for November 21, 2011. At that hearing, petitioner, his fiancée, and his former counsel testified.

After petitioner had presented his evidence and argument of respective counsel, this court analyzed the six factors provided in United States v. Moore, 931 F.2d 245 (4th Cir. 1991), and denied petitioner's motion to withdraw his guilty plea. Id. Transcript of Motion to Withdraw Hearing (#68) at 108-111. This court found that found that petitioner was advised in the written plea agreement and by the magistrate judge that any estimate from his attorney was merely an estimate, that petitioner had the close assistance of counsel during the plea process, and that Petitioner had not credibly asserted his legal innocence. Id.

### D. Second Sentencing Hearing

The day after the court conducted the evidentiary hearing, a second sentencing

hearing was scheduled. The court accepted the magistrate judge's finding of voluntariness and accepted the plea. The court then took up petitioner's objections to the Presentence Report, to wit, that he: (1) consented to a search of his person; and (2) should be assigned criminal history points for two of his prior convictions, alleging that he did not knowingly waive representation in those cases. Id. Second Sentencing Hearing Transcript (#69) at 7. This court noted the objection as to consent and overruled the objection as to criminal history points. Id. at 9. Finding that the advisory guidelines range was 92 to 115 months, and after considering the 18 U.S.C. § 3553(a) factors, this court imposed a low-end sentence of 92 months, id. at 13, 30, and Judgment was entered November 29, 2011.

### E. Appeal

On direct appeal, petitioner challenged this court's denial of his Motion to Withdraw Plea as well as its calculation of the applicable criminal history points. The Court of Appeals for the Fourth Circuit affirmed the denial of the Motion to Withdraw plea and dismissed petitioner's challenge to the calculation of his criminal history points as falling within his appeal waiver. United States v. Randall, 478 F.App'x. 5 (4th Cir. 2012). The appellate court further noted that it could "find no conclusive support for Randall's claim" of ineffective assistance of counsel. Id. at n.*.

## II. Petitioner's Section 2255 Contentions

On March 11, 2013, petitioner filed the instant petition alleging ineffective assistance of counsel. In particular, petitioner contends that his retained counsel was ineffective: (1) in advising him as to the government's first plea offer; (2) in advising

5

defendant as to the government's second plea offer; and (3) abandoning petitioner in pursuing the Motion to Suppress and by failing to appear at the hearing on the Motion to Suppress. The arguments supporting each contention will be reviewed *seriatim* and the court will then consider petitioner's overall contention that his retained counsel was ineffective based on a totality of the record.

### A. Petitioner's Contentions of Ineffective Assistance of Retained Counsel

#### 1. First Plea Offer

Petitioner contends that counsel advised him to reject the first plea offer because they would prevail on a motion to suppress as the officer lacked probable cause to search petitioner's car, the federal indictment would be dismissed on double jeopardy grounds, and the attorney failed to include the enhancement for the obliterated serial number in his estimate of the guideline range. Motion to Vacate (#1) at 14-15. Petitioner alleges that but for this advice, he would have accepted the first plea offer with the understanding that he would receive 36 months of imprisonment. Id. at 16.

#### 2. Second Plea Offer

Petitioner contends as to the second plea offer that his retained attorney neglected to calculate into his estimate an enhancement for obliteration of the gun's serial number, that such attorney "assured him that he would receive 41-51 months at sentencing," and that he misrepresented to him that they would still go forward with the suppression hearing and the double jeopardy issue, using the plea agreement as a "precaution in case the suppression hearing or double jeopardy claim did not work out." Id. at 18-20.

Petitioner contends that during the recess of the Rule 11 hearing (discussed

6

above), his attorney assured him he would receive 41 to 51 months of imprisonment, even though the magistrate judge did not mention that specific range during the colloquy. Id. at 22.

### 3. Abandonment of the Suppression Motion

In his third contention, petitioner alleges that his retained attorney was ineffective by abandoning the motion to suppress evidence seized during the search of his vehicle as well as abandoning the contention that the federal prosecution constituted double jeopardy based on the state conviction. He contends that due to such abandonment, he accepted the plea "out of sheer desperation and helplessness." Id. at 25.

### B. Discussion

#### 1. <u>**LeMaster Barred**</u>

"[B]ecause courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy," when a defendant makes "solemn declarations in open court affirming a plea agreement," this testimony carries "a strong presumption of verity." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). The Fourth Circuit has held that "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Id. at 221-22 (citation omitted).

Petitioner does not allege that the Rule 11 was conducted improperly and petitioner has failed to allege any conduct by his counsel that would circumvent the

7

preclusive effect of Lemaster. Here, counsel has not admitted to being ineffective, and, as it will be discussed below in the context of Strickland, counsel was highly effective. It further appears that, based on a review of all the materials of record, petitioner was not an "un-counseled defendant" and has not provided any evidence that he lacked the capacity to either enter into a knowing and voluntary plea or to provide the court with truthful answers. Absent "extraordinary circumstances," none of which have been alleged and none of which appear from a review of the record or in the PSR (which includes sections on mental and physical health, as well as educational achievement), prevailing law provides that once the truth of the sworn statements made during a Rule 11 colloquy is established, any § 2255 request that would conflict with those averments should be summarily dismissed. Id.

### 2. Incorrect Plea Advice

In his Reply, petitioner argues that LeMaster has no application because the answers he gave to the court at the Rule 11 proceedings and at sentencing were the product of ineffective assistance of counsel. To the extent petitioner may be relying on last year's holding in Lafler v. Cooper, ___ U.S.___, 132 S.Ct. 1376 (2012) (see also Missouri v. Frye, ___ U.S. ___, 132 S.Ct. 1399 (2012)), which held that incorrect legal advice which led a defendant to reject a plea offer amounts to ineffective assistance of counsel, the Supreme Court has not held that such case established a new right that is retroactively applicable to cases on collateral review. See In re King, 697 F.3d 1189, 1189 (5th Cir .2012) (*per curiam*); Hare v. United States, 688 F.3d 878–80 (7th

8

Cir.2012); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir.2012); In re Arras, No. 12–2195 (10th Cir. Dec. 11, 2012) (denying authorization to file a second or successive Section 2255 motion because neither Lafler nor Frye established a new rule of constitutional law); In re Perez, 682 F.3d 930, 932–34 (11th Cir.2012); Mendez-Valdez v. United States, 2013 WL 609768 (W.D.N.C. Feb. 19, 2013).

### C. Ineffective Assistance Claim Barred as Raised on Direct Review

A Section 2255 cannot ordinarily be made on basis of issues litigated on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), *cert. denied*, 429 U.S. 863 (1976). Here, the appellate court noted it could "find no conclusive support for Randall's claim" of ineffective assistance of counsel. United States v. Randall, 478 F.App'x. at n.* Thus, such claim may also be barred as rejected on the merits on direct review.

### D. Substantive Review

Despite the bars imposed under LeMaster and Boeckenhaupt, as well as the inapplicability of Lafler, the court in an abundance of caution has conducted a further review of petitioner's claims under the standards set forth in Strickland v. Washington, 466 U.S. 687(1984).

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland, 466 U.S.

9

at 687-91. In order to satisfy the performance prong, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id., at 687-88. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id., at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). The prejudice prong is satisfied by showing that

> there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Id., at 694. The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citation omitted). If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Id., at 1290, citing Strickland, 466 U.S. at 697.

### 1. Prejudice

In considering the prejudice prong of the analysis, the court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

In this case, petitioner's case was in no manner prejudiced by his counsel. Quite the opposite: counsel was highly effective in achieving a favorable result. The court has

again reviewed the Transcript of the Motion to Withdraw Plea Hearing as well as the motions petitioner contends were meritorious and should have been pursued by counsel. As to the Motion to Dismiss based on Double Jeopardy, such a motion is wholly without merit as a person can be prosecuted in state court and federal court for the same conduct under the separate sovereign rule. Indeed, the Supreme Court has long held that "States are separate sovereigns with respect to the Federal Government because each State's power is derived from its own 'inherent sovereignty,' not from the Federal Government." Heath v. Alabama, 474 U.S. 82, 89 (1985) (citation omitted). As to petitioner's contention that his Motion to Suppress was meritorious, the Court of Appeals for the Fourth Circuit has sustained the warrantless search of automobiles based, as here, on an officer's detection of the odor of alcohol on a person as well as the discovery of an open container. United States v. Coleman, 100 F.App'x. 202, 204 (4th Cir. 2004) (unpublished); United States v. Washington, 338 Fed. App'x. 316, 318 (4th Cir. 2009) (unpublished).

As to contentions of misadvising petitioner as to the likely advisory guidelines range, the court already found at the Motion to Withdraw Plea hearing that retained counsel's testimony was more credible as to what advice was actually given. Specifically, retained counsel testified that at two separate meetings in December 2010 he advised petitioner that his initial "estimate" of 41 to 51 months would now be higher as a result of his discovery of petitioner's earlier crime of violence (which increased his base offense level) and the obliteration of the serial number on the gun.

Thus, petitioner cannot satisfy the prejudice prong based on failure to pursue what were meritless motions as well as contentions that retained counsel misadvised him.

### 2. Performance

While failing to satisfy the prejudice prong negates consideration of the performance prong, the court has considered retained counsel's performance in an abundance of caution. A reviewing court "must give deference to counsel's reasonable strategic decisions, and the defendant must, in fact, overcome a presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases." United States v. Porter, 2009 WL 825757, *3 (W.D.Va. March 26, 2009) (unpublished) (citing Strickland). Thus, a reviewing court must avoid the temptation of hindsight and instead "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. In this case, the court has had a rare, first-hand opportunity to review retained counsel's performance when it heard counsel's testimony. Clearly, counsel provided petitioner with proper advice at every turn, counseled him that it was his choice whether to take a plea offer, and pursued with the government and the court avenues of concern petitioner asked counsel to pursue. Thus, counsel's performance was well within the range of competence demanded for attorneys defending criminal cases.

**ORDER**

**IT IS, THEREFORE, ORDERED** that for the reasons herein provided, petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) is **DENIED** and

petitioner's motion is **DISMISSED** with prejudice.

**Denial of Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: July 15, 2013

Max O. Cogburn Jr.
United States District Judge