UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00154-MOC

| | |
|---|---|
| **JAMAR SERON RANDALL,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on petitioner's Motion to Enter a Straight Up Guilty Plea (#87). Petitioner filed a 28 U.S.C. § 2255 (2012) motion, contending that his trial counsel was ineffective in advising him with regard to two plea offers and, based on that faulty advice, he rejected the first plea offer and accepted the second, less-favorable plea offer.

By previous Order, the court determined that petitioner had received ineffective assistance of counsel in his consideration of the government's First Plea Offer. In accordance with Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012), the court directed the government to reoffer the First Plea Agreement as the first step in remedying the deficiency created by prior counsel. In anticipation that such offer would be rejected, this court held further that in "the event petitioner declines that offer, the court will then determine how to exercise its discretion in a measured manner, taking into account 'all the circumstances of the case,'" citing Lafler.

In compliance with that Order, the respondent promptly reoffered to petitioner the First Plea Agreement. As is apparent from the instant motion, counsel has closely reviewed that offer with petitioner and has advised the court that petitioner has declined that offer. Counsel advises

1

that petitioner desires instead to enter a straight-up plea of guilty to the one-count indictment. Counsel advises that petitioner has determined that such course of action is better than accepting the re-tendered plea offer because the First Plea Offer would have required him to waive appellate rights and, importantly, prevented him from seeking a downward variance at re-sentencing.

The court has considered all the factual circumstances in this case as well as the legal circumstances outlined in petitioner's Motion to Enter a Straight-Up Guilty Plea and finds that allowing petitioner to enter a straight-up plea is an appropriate next measured step.

First, preservation of appellate rights is a valuable right and speaks for itself.

Second, the ability to move for a downward variance – which would have been foreclosed by a written plea – is an important right, especially when all of petitioner's arguments are considered. Petitioner has contended throughout this litigation that the sentence he received on his state conviction as well as his efforts during that probationary sentence at returning to a productive life should be considered by the court in fashioning an appropriate below-guidelines sentence.

Third, it is also reasonable to assume that petitioner may also seek a downward variance based on rehabilitative efforts while incarcerated.

While the court is not in a position to make any determination or forecast as to whether such arguments would be successful, there may well be some legal support for approach petitioner seeks to take. For example, while the potential for rehabilitation is not a proper factor when a court imposes an initial sentence, Tapia v. United States, ___ U.S. ___, 131 S.Ct. 2382, 2391 (2011) (citing 18 U.S.C. 3582(a)), efforts towards rehabilitation prior to *resentencing* may be considered in certain circumstances. Pepper v. United States, ___U.S.___, 131 S.Ct. 1229,

1241-42 (2011) (holding that when a defendant's sentence has been set aside on appeal, the district court at resentencing may consider evidence of the defendant's post-sentencing rehabilitation, which may support a downward variance from the advisory Sentencing Guidelines).

Having considered all the circumstances including the representations made by counsel in the instant motion as well as the reflection in such motion that the government does not oppose allowing a straight-up plea, the court finds that the next measured step would be to allow petitioner to enter a straight-up plea. If the magistrate judge accepts that plea and finds that there is a factual basis for the plea, the previous Judgment will be set aside contemporaneously with acceptance of the Straight-Up Plea.

The magistrate judge conducting the Rule 11 proceeding is instructed to note on the record upon acceptance of the plea that the previous Judgment is vacated by Order of the district court upon his acceptance of the plea.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion to Enter a Straight Up Guilty Plea (#87) is **ALLOWED**, and the parties to this civil action are granted leave to proceed in the criminal action in the manner herein provided.

The Clerk of Court is instructed to send a copy of this Order to the magistrate judge conducting the Rule 11 proceeding.

The Clerk of Court is further instructed to administratively close this civil action, subject to reopening in the event the Straight-Up Plea is not accepted.

Signed: September 15, 2014

*[signature]*

Max O. Cogburn Jr.
United States District Judge